IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BENJAMIN BAKER on Behalf of Himself and All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 1:23-cv-664 ) |
| DWD TRUCKING, LLC, and DENISE SOMERVILLE, | ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES**

This is a Class and Collective Action brought on behalf of all former and current truck drivers of Defendants ("the Class" and the Collective Class") against Defendants, DWD Trucking, LLC ("DWD"), and Denise Somerville.

**I. Parties**

1. Each member of the Class and Collective Class is or was a truck driver of DWD at all times relevant to this action.

2. Plaintiff, Mr. Baker, is a resident of Indianapolis, Indiana.

3. Defendant, DWD, is a limited liability company that headquartered in Indianapolis, Indiana.

4. Ms. Somerville is the CEO of DWD.

5. Ms. Somerville is one of the managers of DWD.

6. Ms. Somerville is at least partially responsible for determining how the employees of DWD are paid.

## II.  Jurisdiction and Venue

7. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States.  Specifically, Plaintiff and the Collective bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

8. This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

9. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiff's residence and Defendants doing business in this District.

## III.    Class and Collective Action Allegations

10. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers of DWD ("the Collective Class").

11. Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers of DWD ("the Class").

12. The members of the Class and Collective were paid on an hourly basis.

12. The members of the Class and Collective were not paid for time spent performing morning (pre-driving) inspections, fueling and end of day (post-driving) inspections.

13. The members of the Class and Collective were not paid for all the time spent driving to and from the Shop to work sites, from work site to work site and from suppliers to the work site.

14. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective action. The names, addresses, and relevant documentation of members of the Class and Collective should be in the business records of DWD. Notice may be provided to members of the Class and Collective or their personal representatives via first class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class and collective actions.

### IV.    Factual Allegations

15. Mr. Baker began employment with DWD as a truck driver on April 15, 2020.

16. Mr. Baker was paid on an hourly basis.

17. Mr. Baker was not paid for time spent performing morning (pre-driving) inspections, fueling and end of day (post-driving) inspections.

18. Mr. Baker was not paid for all time spent driving the truck from the Shop to pick up supplies, from the supply location to the work site, from work site to work site and from the work site back to the Shop.

19. This unpaid work time was either regular or overtime hours.

20. Defendants willfully failed to pay Mr. Baker these overtime hours.

21. Mr. Baker was terminated by Defendants on June 13, 2022.

22. DWB failed to pay Mr. Baker all his regular hours at his contractual wage amount.

**Count I - Collective Action**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201** *et. seq.*

23. Plaintiffs incorporate paragraphs 1 through 41 by reference herein.

24. Plaintiffs and the members of the Collective Class are or were employees of DWD pursuant to the FLSA.

25. DWD is an employer pursuant to the FLSA.

26. Plaintiff and the members of the Collective Class are covered employees pursuant to enterprise coverage under the FLSA.

27. DWD had gross revenues of at least $500,000.00 for the 2019 calendar year.

28. DWD had gross revenues of at least $500,000.00 for the 2020 calendar year.

29. DWD had gross revenues of at least $500,000.00 for the 2021 calendar year.

30. DWD had gross revenues of at least $500,000 for the 2022 calendar year.

31. Ms. Somerville is an employer pursuant to the FLSA.

32. Plaintiffs and the members of the Collective Class have been and continue to be damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Collective Class for the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiff and the members of the Collection Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count II - Class Action
### Breach of Contract

33. Mr. Baker incorporates paragraphs 1 through 32 by reference herein.

34. Mr. Baker was not paid all wages due and owing per his CBA during his employment.

35. Plaintiffs and the members of the Class have been and continue to be damaged by Defendants' violations of the CBA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the actual wages owed with interest.

  B. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Claims Statute.

  C. Enter an award for such other relief as may be just and appropriate.

           Respectfully submitted,

           WELDY LAW

           /s/Ronald E. Weldy
           Ronald E. Weldy, #22571-49

### Count III - Individual Action
### Retaliation
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

  36. Mr. Baker incorporates paragraphs 1 through 35 by reference herein.

  37. Mr. Baker was terminated by Defendants for questioning why he was not getting paid all of his regular and overtime hours for performing work of the clock and being underpaid his drive time.

  38. Mr. Baker has been damaged by this retaliation by Defendants.

  WHEREFORE, Plaintiff prays that the Court:

  A. Enter an award for Plaintiff for the actual wages owed with interest as permitted by the FLSA.

  B. Enter an award for liquidated damages with interest as permitted by the Wage Claims Statute.

  C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

  D. Enter an award for such other relief as may be just and appropriate.

                Respectfully submitted,

                WELDY LAW

                /s/Ronald E. Weldy
                Ronald E. Weldy, #22571-49
                Class & Collective Action Counsel

WELDY LAW
11268 Governors Lane
Fishers, IN 46037
Tel: 317.842.6600
Fax: 317.842.6933
rweldy@weldylegal.com